STATE OF CONNECTICUT *v.* ROLLAND KEATING

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 27, 1960

*Rolland Keating,* the defendant, pro se.

*John D. LaBelle,* state's attorney, for the state.

By the Division. The defendant, age twenty-nine, after a jury trial was found guilty of inciting injury to personal property, simple assault and injury to a public building. The sentence to state prison on the first and third counts was for a term of not less than five nor more than ten years, and on the second count, one year suspended. These sentences are to take effect upon the termination of the sentence he is presently serving.

The maximum sentence for inciting injury to persons or property is a fine of not more than $5000 or imprisonment for not more than ten years or both. General Statutes § 53-44. The maximum sentence for injury to public buildings is a fine of not more than $5000 or imprisonment for not more than twenty years or both. General Statutes § 53-45, as amended by Public Acts 1959, No. 437, § 1.

On January 6, 1960, a riot broke out at the state prison, led by a group including the defendant. After the riot started, the defendant hurled a fire extinguisher against a window of the control center, breaking it. Later he was observed giving orders to rioting inmates and unlocking a number of cells to release prisoners. He also struck another inmate with a long angle iron, causing him injuries about the head and face. The record of the defendant dates back to 1947 and shows convictions of theft of a motor vehicle, breaking and entry, aggravated assault, robbery with violence and theft, and confinements in the Cheshire reformatory and state prison in 1953, 1955 and 1958.

At the hearing, he complained that the sentences were too severe in view of those given to some of the other participants, and especially one Walter Doolittle. Nine persons were charged with crimes as a result of the prison riot, and the defendant was the first one tried. The only other trial was that of Doo-

little. Six of the others pleaded guilty and received much lighter sentences, and one case was nolled. The only count against Doolittle was inciting injury to persons or property, as it could not be proved that he actually damaged state property. He was found guilty by the jury on the day before *Phillips, J.,* retired, and a sentence of not less than three nor more than six years was imposed subsequently by *Roberts, J.*

After receiving a notice that the defendant had taken an appeal to the Review Division, *Phillips, J.,* in accordance with General Statutes § 51-195, providing that the sentencing judge "may transmit to the Review Division a statement of his reasons for imposing the sentence, "forwarded a letter to the chairman. In it he stated: "It seemed to me from the trial of these two cases that Keating and Doolittle were just about equally culpable. They both compounded their crime by giving false testimony. Keating's crime was somewhat more serious in that he smashed a fire extinguisher against the glass bubble in the control center which served as quite an incitement to the other rioters but otherwise their crime was much the same. I believe that the original sentence against Keating was a fair one at the time but in view of subsequent events including the substantially lower sentence given to Doolittle, as well as the other six, the Division could well consider a reduction in Keating's sentence."

It is the opinion of this board that consideration should be given to this recommendation, but that some distinction should be made in view of the fact that this defendant also pleaded guilty to being a second offender. Accordingly, it is ordered that the sentences of March 1, 1960, be modified, and that the defendant be resentenced by the Superior Court to an effective term of not less than four nor more than seven years in state prison on the first and third

counts, to run concurrently, and to take effect upon the termination of the sentence the defendant is presently serving.

House, Devlin and Loiselle, Js., participated in this decision.